IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**James Post,**

        **Plaintiff,**

v.                                                               **Case No. 17-cv-2698-JWL**

**CVR Energy, Inc.;**
**Coffeyville Resources Crude**
**Transportation, LLC; and**
**Hess Medical Services, P.A. d/b/a**
**Hess Clinic,**

        **Defendant.**

## MEMORANDUM & ORDER

Plaintiff James Post filed this lawsuit against defendants alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 et seq., and state law claims of wrongful discharge in violation of public policy, tortious interference and civil conspiracy. This matter is presently before the court on defendant CVR Energy, Inc. and Coffeyville Resources Crude Transportation, LLC's (the "CVR defendants") motion to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 9). As will be explained, the motion is denied in part and moot in part.

**Standard**

The court will grant a motion to dismiss when a claimant's factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim need not contain detailed factual allegations, but a claimant's obligation to

provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See id*. at 555. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id*., and view all reasonable inferences from those facts in favor of the claimant, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**Background**

For purposes of the CVR defendants' motion, the court accepts as true the following well-pleaded facts alleged in plaintiff's amended complaint. Plaintiff James Post began his employment with defendant Coffeyville Resources Crude Transportation, LLC as a truck driver in September 2012. As a condition of his employment and to obtain a Commercial Driver's License (CDL), plaintiff was required to pass a Department of Transportation (DOT) physical. Plaintiff passed the DOT physical despite a heart condition that he has had since childhood. After September 2012, plaintiff passed the DOT physical on other occasions and maintained his CDL.

In May 2014, plaintiff suffered an on-the-job rotator cuff injury that rendered him unable to drive until December 10, 2015, when his treating physician released him to return to work. He filed a workers' compensation claim as a result of his rotator cuff injury. When plaintiff presented his work release to defendant Coffeyville Resources Crude Transportation, LLC, it directed him to complete a DOT physical. Specifically, defendant sent plaintiff to defendant Hess Medical Services, P.A. d/b/a Hess Clinic to complete his DOT physical instead of sending plaintiff to the usual provider that had conducted plaintiff's DOT physicals in the past. Plaintiff alleges that he

was required to go to Hess Clinic despite the fact that the CVR defendants utilized other providers to conduct DOT physicals.

Plaintiff contends that he was not examined at Hess Clinic; rather, the clinic required him to sign several releases to obtain medical records regarding his heart condition and his rotator cuff injury. On December 22, 2015, plaintiff was advised by a Hess Clinic employee that he had not and would not pass the DOT physical. In early January 2016, plaintiff visited a third-party physician who examined plaintiff and "passed" plaintiff for purposes of the DOT physical. Plaintiff presented that information to his employer. On January 7, 2016, plaintiff received a letter from the human resources department of defendant CVR Energy, Inc. indicating that CVR Energy, Inc. was terminating plaintiff's employment with defendant Coffeyville Resources Crude Transportation, LLC because he was unable to qualify medically under the pertinent DOT regulations. Plaintiff alleges that he was advised that CVR Energy and Coffeyville Resources Crude Transportation, LLC would only accept physicals from Hess Clinic and that these entities refused to provide plaintiff with additional time to get the requisite approval from Hess Clinic. Plaintiff contends that Hess Clinic was aware of plaintiff's workers' compensation claim and knew that plaintiff's employer did not want plaintiff to pass the DOT physical.

While plaintiff does not set forth his claims in separate counts, he alleges claims of "wrongful termination in violation of Kansas public policy, civil conspiracy, tortious interference, and violations of the Americans with Disabilities Act consisting of discrimination, retaliation, wrongful termination and failure to reasonable accommodate Plaintiff's disability."

*Joint Employer*

Based on the termination letter that plaintiff received from defendant CVR Energy, Inc., plaintiff alleges that CVR Energy, Inc. and defendant Coffeyville Resources Crude Transportation, LLC are joint employers.  Defendant CVR Energy, Inc. moves to dismiss plaintiff's claims under the ADA and for wrongful discharge on the grounds that plaintiff has not sufficiently alleged that this entity was his employer.  While CVR Energy, Inc. acknowledges plaintiff's joint-employer theory of liability, CVR Energy, Inc. contends that the amended complaint contains no factual allegations supporting that theory.  The motion is denied.  Clearly, some relationship exists between these two defendants and plaintiff has alleged facts pertinent to that relationship.  He contends that his termination letter was drafted on "CVR Energy" letterhead and, in fact, that letter itself suggests that it was sent by the human resources department of CVR Energy.[1]  Moreover, the letter directs plaintiff to contact an individual at CVR Energy with questions about benefits and suggests that CVR Energy is the entity that terminated plaintiff's employment ("This letter is to provide notification that **we** are terminating your employment . . . .") (emphasis added).  The amended complaint, then, contains allegations plausibly suggesting that the two entities are joint employers.  *See Bristol v. Board of County Commissioners of the County of Clear Creek*, 312 F.3d 1213, 1218 (10th Cir. 2002) (entities are joint employers if they both exercise significant control over the essential terms and conditions of employment).

Considering the fact-intensive nature of the joint-employer issue, *see id.* at 1218-19, the court concludes that plaintiff should be able to explore in discovery the joint-employer issue.

---

[1] The CVR defendants have attached the termination letter to their motion and the parties agree that the court may consider that letter without converting the motion to one for summary judgment.  *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc*., 861 F.3d 1081, 1103 (10th Cir. 2017).

Discovery may reveal that the parties are insufficiently intertwined to hold CVR Energy, Inc. liable, but plaintiff has pleaded sufficient factual material to survive the motion to dismiss. *See Salvat v. Construction Resources Corp.*, 2017 WL 6210849, at *2 (S.D.N.Y. Dec. 7, 2017) ("Whether a person or business qualifies as a 'joint employer' is fact-intensive and ordinarily not appropriately resolved at the pleading stage."); *Thomas v. Coach Outlet Store*, 2017 WL 386656, at *3 (N.D. Ill. Jan. 27, 2017) ("The issue of whether an entity is a joint employer is generally unsuitable for resolution on the pleadings because it involves 'a fact-intensive inquiry that typically requires further development through discovery.'"); *Anderson v. Finley Catering Co.*, 218 F. Supp. 3d 417, 422–23 (E.D. Pa. 2016) ("the precise contours of an employment relationship can only be established by a careful factual inquiry and, thus, discovery is often necessary before a plaintiff can reliably define the contours of the employment relationship*"); see also Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014) ("Whether two related entities are sufficiently integrated to be treated as a single employer is generally a question of fact not suitable to resolution on a motion to dismiss.").

*Wrongful Discharge in Violation of Public Policy*

In their motion to dismiss, the CVR defendants contend that this claim must be dismissed because plaintiff fails to identify any public policy violated by the CVR defendants and, to the extent plaintiff is referring to the public policy underlying the ADA, the claim must be dismissed. *See Schoenholz v. Hinzman*, 295 Kan. 786, 789-90 (2012) ("As a general principle, a statutory remedy will supersede a common-law remedy so long as the statute provides an adequate substitute remedy."). As plaintiff highlights in response, however, his wrongful discharge claim

5

is based on plaintiff's filing a workers' compensation claim and the subsequent termination of his employment. While defendants contend that the claim is nonetheless subject to dismissal because the complaint fails to "make clear" that this claim is based on plaintiff's workers' compensation claim, that argument is rejected. Any ambiguity regarding the nature of plaintiff's claim was clarified by plaintiff's response to the motion and the court perceives no defect in the amended complaint with respect to this claim.[2] The CVR defendants also contend for the first time in their reply brief that the claim is subject to dismissal because plaintiff has not sufficiently alleged the existence of a causal connection between the filing of his workers' compensation claim and the termination of his employment. The court declines to address this argument. *See Lynch v. Barrett*, 703 F.3d 1153, 1160 n.2 (10th Cir. 2013) (court does not consider arguments raised for the first time in reply brief). The motion to dismiss this claim is denied.

*Tortious Interference*

The CVR defendants move to dismiss plaintiff's tortious interference claim on the grounds that plaintiff has not alleged any interference on the part of the CVR defendants with respect to any contractual or business relationship or expectancy. In response, plaintiff clarifies that his tortious interference claim is directed only at defendant Hess Medical Services, P.A. d/b/a Hess Clinic. This aspect of the CVR defendants' motion to dismiss, then, is moot.

*Civil Conspiracy*

---

[2] Even if the court perceived that plaintiff's claim was ambiguous, the court would not dismiss the claim in any event but would permit plaintiff to amend that claim.

6

Lastly, the CVR defendants move to dismiss plaintiff's civil conspiracy claim on the grounds that plaintiff has alleged only statutory violations rather than an underlying tort. *See Meyer Land & Cattle Co. v. Lincoln County Conservation Dist.*, 29 Kan. App. 2d 746, 754 (2001) (to prove civil conspiracy, plaintiff must show that an underlying tort was committed). As noted earlier, however, plaintiff has alleged a claim of workers' compensation retaliation against the CVR defendants. The CVR defendants appear to concede in their reply brief that the assertion of a workers' compensation retaliation claim satisfies the "underlying tort" requirement for purposes of a civil conspiracy claim. *See Campbell v. Husky Hogs, LLC*, 292 Kan. 225, 229 (2011) (describing workers' compensation retaliation claim as a common-law tort claim). Nonetheless, the CVR defendants raise additional arguments in their reply brief in support of their argument that the civil conspiracy claim should be dismissed. The court cannot consider these arguments, however, because they were first raised in the CVR defendants' reply brief. *See Lynch*, 703 F.3d at 1160 n.2. The motion to dismiss this claim is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to dismiss (doc. 9) is denied in part and moot in part.

**IT IS SO ORDERED.**

Dated this 4th day of May, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

7